No. 2352.—F. W. IRVINE & Co. *v.* R. H. SHORT & Co.

Checks on a bank which have been loaned to a third party, can not be enforced against such third party by the drawer thereof if it be shown that they were paid by the bank in Confederate treasury notes, on deposit in the bank to the credit of the drawer of the checks.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Breaux & Fenner,* for plaintiffs and appellees. *Semmes & Mott,* for defendants and appellants.

LUDELING, C. J. The plaintiffs allege that on the first day of April, 1862, they loaned to defendants $500, and on the second day of April, 1862, they loaned them $2000, which sums have never been repaid, although amicably demanded. They further aver that "said loans were made in checks upon the Merchants' Bank" of New Orleans, "which checks were collected by and for account of R. H. Short & Co., and that they were not collectable in Confederate money."

The defense is substantially that the checks were drawn against Confederate treasury notes, and that they were paid in said currency.

We think the evidence fully sustains. the defense. The plaintiff Irvine in his testimony says: "I called at the office of R. H. Short & Co., telling him I was leaving some bills to be paid, and I proposed lending him some money out of which these bills were to be paid, and upon which I gave him a check on the Merchants' Bank for $2000." Again he says, "the same time giving him a check for $500 on the Merchants' Bank of this city, telling him he would receive instructions from John C. Bailey to invest the same in sugar." In the event he did

91

not, to pass the amount to my credit." Again he says: "The first check of $500 was intended as a loan on my part to R. H. Short & Co., in the event that Bailey did not direct him to purchase sugar. The amount of the bills which I expected might have to be paid out of the $2000 check did not exceed $300; the balance I expected to stand to my credit on the books of R. H. Short & Co. as a loan."

Valloft, a witness, testifies that he was a clerk in the employ of plaintiffs "nearly the whole time they were here in business. I was the clerk up to the time F. W. Irvine left the city. I did all the collecting and depositing for the house, with the exception of the first and second deposits, which I believe were made by Mr. Irvine himself. The deposits were all made in the Merchants' Bank. * * * · The currency received by me was Confederate treasury notes, and I deposited in the Merchants' Bank the same currency I received." * * He further says: "At the time I was clerk and collector for plaintiffs,. the currency circulated and used in the city was Confederate treasury notes."

The proof in the record leaves no doubt that the checks were drawn against Confederate treasury notes, and were paid in the same currency.

Under the well settled jurisprudence of this State the plaintiffs'' demand cannot be enforced by us.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment in favor of the defendants rejecting plaintiffs' demand, with costs in both courts.